IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF DELAWARE

| | |
|---|---|
| THROUGHTEK CO., LTD. and THROUGHTEK TECHNOLOGY (SHENZHEN) CO., LTD<br><br>Plaintiffs,<br><br>v.<br><br>REOLINK INNOVATION INC., REOLINK INNOVATION CO., LTD, AMAZON.COM INC., EBAY INC., HOME DEPOT USA INC., MICRO CENTER INC., and WALMART INC.<br><br>Defendants. | **JURY TRIAL DEMANDED**<br><br>**COMPLAINT FOR PATENT INFRINGEMENT** |

**PLAINTIFFS' ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiffs ThroughTEK Co., Ltd. (ThroughTEK Taiwan) and ThroughTEK Technology (Shenzhen) Co., Ltd. (ThroughTEK Shenzhen), by and through their attorneys, hereby allege for their patent infringement Complaint against Defendants Reolink Innovation Inc. (Reolink USA), Reolink Innovation Co., Ltd (Reolink China), Amazon.com Inc. (Amazon), eBay Inc., Home Depot USA Inc. (Home Depot), Micro Center Inc. (Micro Center), and Walmart Inc. (Walmart) as follows:

1

## PRELIMINARY STATEMENT

1. This is an action for infringement of Plaintiffs' United States Patent No. 9,774,916 (the "'916" Patent) and Patent No. 10,602,448 (the "'448 Patent") under the Patent Act, 35 U.S.C. § 271, based on Defendants' unauthorized commercial manufacture, use, importation, offer for sale, and sale of network monitoring devices including, but not limited to, network cameras and network video recorders ("NVRs") in the United States.

2. Defendants have infringed and continue to infringe, have induced and continue to induce infringement of, and have contributorily infringed and continue to contributorily infringe, one or more claims in each of the '916 Patent and the '448 Patent at least by making, using, importing, selling and offering to sell the cameras and NVRs.

3. ThroughTEK Taiwan and ThroughTEK Shenzhen are the legal owners by assignment of '916 Patent and '448 Patent, which were duly and legally issued by the United States Patent and Trademark Office (USPTO). ThroughTEK Taiwan and ThroughTEK Shenzhen seek injunctive relief and monetary damages.

## PARTIES

4. Plaintiff ThroughTEK Co., Ltd. (ThroughTEK Taiwan) is a corporation organized and existing under the laws of Taiwan with its principal place of business at 9F, No.

364, Sec. 1, Nangang Rd., Nangang Dist., Taipei City 11579, Taiwan.

5.     Plaintiff ThroughTEK Technology (Shenzhen) Co., Ltd. (ThroughTEK Shenzhen) is a corporation organized and existing under the laws of China with its principal place of business at Yi Cheng Huan Zhi Center Tower A, suite 1103, Longhua Ren Min Road, Longhua District, Shenzhen, Guangdong, China.

6.     Upon information and belief, defendant Reolink Innovation Inc. (Reolink USA) is a corporation organized and existing under the laws of Delaware; the registered agent is Corporation Service Company with the mailing address at 251 Little Falls Drive, Wilmington, DE 19808.

7.     Upon information and belief, defendant Reolink Innovation Co. Ltd ("Reolink China") is a corporation organized and existing under the laws of China with its principal place of business at Floor 2, Building 2, Factory Building, Yuanling Industrial Area, Shangwu Community, Shiyan Sub-district, Bao'an District, Shenzhen, Guangdong, China.

8.     Upon information and belief, defendant Amazon.com, Inc. ("Amazon") is a corporation organized and existing under the laws of Delaware with its principal place of business at 410 Terry Ave. N, Seattle, WA 98109; and the named registered agent is Corporation Service Company at the mailing address 251 Little Falls Dr., Wilmington, DE 19808.

9. Upon information and belief, defendant eBay Inc. ("eBay") is a corporation organized and existing under the laws of Delaware with its principal place of business at 2025 Hamilton Ave., San Jose, CA 95125; and the named registered agent is The Corporation Trust Company having an address at Corporation Trust Center 1209 N. Orange St., Wilmington, DE 19801.

10. Upon information and belief, defendant Home Depot U.S.A. Inc. ("Home Depot") is a corporation organized and existing under the laws of Delaware with its principal place of business at 2455 Paces Ferry Rd., Atlanta, GA 30339-4024; and the named registered agent is Corporation Service Company at the mailing address 251 Little Falls Dr., Wilmington, DE 19808.

11. Upon information and belief, defendant Micro Center Inc. ("Micro Center") is a corporation organized and existing under the laws of Delaware with its principal place of business at 4119 Leap Rd. Hilliard, OH 43026; and the named registered agent is Registered Agents, Ltd. at the mailing address 1013 Centre Rd. #403s, Wilmington, DE 19805.

12. Upon information and belief, defendant Walmart Inc. ("Walmart") is a corporation organized and existing under the laws of Delaware with its principal place of business at 702 SW 8th St #555 Bentonville, AZ 72716; and the named registered agent in the State of Delaware is The Corporation Trust Company with mailing address Corporation Trust

Center 1209 N. Orange St., Wilmington, DE 19801.

**JURISDICTION AND VENUE**

13. This is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 271 *et seq.*

14. This court has subject matter jurisdiction over the matters asserted herein under 28 U.S.C. §§ 1331 and 1338(a).

15. The Defendants are subject to this Court's specific or general personal jurisdiction pursuant to due process and/or the Delaware Long Arm Statute, by virtue of at least their substantial business conducted in this forum, directly and/or through intermediaries, such as their retailer customers, including having solicited business in the State of Delaware, transacted business within the State of Delaware and attempted to derive financial benefit from residents of the State of Delaware, including benefits directly related to the instant patent infringement causes of action set forth herein.

16. Defendants directly and/or through intermediaries have advertised, offered to sell, sold and/or distributed products made with the patented technology in this District. Further, Defendants directly and/or through intermediaries, such as their retailer customers, have purposefully and voluntarily placed such products in the stream of commerce knowing

5

and expecting them to be purchased and used by consumers in this District.

17. Defendants have purposefully and voluntarily placed the cameras and NVRs on nationwide chain stores or e-commerce websites with the expectation that the infringing products will be used and sold in this District. These infringing products have been and continue to be used and sold in this District.

18. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and 1400(b) at least because the Defendants has committed acts of infringement in this District.

19. Defendants Reolink China is a non-US resident. Venue is proper in this District pursuant to 28 U.S.C. § 1391(c)(3).

## UNITED STATES PATENT NUMBER 9,774,916

20. United States Patent No. 9,774,916 is titled "Information concentrating center capable of making P2P connections with remote client devices". The '916 Patent claims the priority to the United States Provisional Application No. 61/924,240 filed on January 7, 2014. The '916 Patent also is a continuation-in-part of the United States Patent No. 9,774,668 filed on July 25, 2013, which also is a continuation-in-part of the United States Patent No. 9,219,615 filed on November 10, 2011.

21. Plaintiffs are the owners of the '916 Patent. A true and correct copy of the '916 Patent is attached as Exhibit A.

22. The '916 Patent claims patent-eligible subject matter and is valid and enforceable.

23. Defendants are not licensed under the '916 Patent, either expressly or implicitly, nor do they enjoy or benefit from any rights in or to the '916 Patent.

24. Generally speaking, the '916 Patent related to a device and/or method for establishing a P2P (point-to-point); in particular, a device includes different interfaces for receiving information and sending the information to a remote client device through a P2P connection.

25. By way of example, claim 1 of the '916 Patent reads as the follows:

An electronic device for concentrating information, comprising:

> at least one first interface for receiving information from at least one information source;
>
> a second interface coupling to the Internet, for establishing a connection with a remote client device through the Internet;
>
> a third interface for connecting to a television for viewing said information; and
>
> a unique identification (UID) embedded in the electronic device for concentrating information, wherein the electronic device for concentrating information contacts at least one linking server through the Internet to register said embedded unique identification (UID) into the at least one linking server for identifying network addressing information of the electronic device for concentrating information so as to enable the remote client device to establish a P2P connection with the electronic device for concentrating information for viewing said information received by the electronic device for concentrating information;
>
> wherein the remote client device contacts the at least one linking server through the Internet according to said unique identification (UID) of the electronic

device for concentrating information for establishing a P2P connection between the remote client device and the electronic device for concentrating information via the Internet, wherein at least one portion of the information received by the electronic device for concentrating information is delivered to the remote client device on the P2P connection, wherein the remote client device does not have a unique identification (UID) to register in the at least one linking server for associating connecting information of the remote client device when the remote client device contacts the at least one linking server for establishing the P2P connection.

26. Figure 17 the '916 Patent show diagrams of an exemplary embodiment of the invention, illustrating how a P2P connection is established between the information concentrating center 1702 and the remote client device 1706:



27. In the embodiment described above, a remote client device 1706, such as a cell phone, connects to the information concentrating center/electronic device 1702, such as a surveillance camera or a NVR with a P2P connection.

**UNITED STATES PATENT NUMBER 10,602,448**

28. United States Patent No. 10,602,448 is titled "Remote wakeup method, connection server, and networking apparatus having sleep mode", which claims the foreign priority to Taiwanese Application Number 105127737 filed on August 29, 2016.

29. Plaintiffs are the owners of the '448 Patent. A true and correct copy of the '448 Patent is attached as Exhibit B.

30. The '448 Patent claims patent-eligible subject matter and is valid and enforceable.

31. Defendants are not licensed under the '448 Patent, either expressly or implicitly, nor do they enjoy or benefit from any rights in or to the '448 Patent.

32. Generally speaking, the '448 Patent related to a system and/or method for waking up and establishing a P2P connection with a networking apparatus having a sleeping mode.

33. By way of example, claim 1 of the '448 Patent reads as the follows:

A remote wakeup method, comprising:

> a connection server receiving a wakeup request packet from a first apparatus, wherein the wakeup request packet comprises a device identifier of a second apparatus, wherein the first apparatus is connected to the connection server via local area network or internet;
>
> the connection server obtaining wakeup information stored in the connection server according to the wakeup request packet, wherein the wakeup information

stored in the connection server is the same as wakeup information stored in the second apparatus;

the connection server generating an apparatus wakeup packet according to the wakeup request packet and the wakeup information, wherein the apparatus wakeup packet comprises the device identifier of the second apparatus from the wakeup request packet and the obtained wakeup information;

the connection server obtaining a network address corresponding to the second apparatus from a storage unit of the connection server according to the wakeup request packet;

the connection server sending the apparatus wakeup packet to the second apparatus based on the network address, wherein wakeup feature data is a segment of data of the apparatus wakeup packet and is for determining whether the entire second apparatus be awoken.

34. Figures 1A-B of the '448 Patent show diagrams of an exemplary embodiment of the invention, illustrating how a P2P connection is established with a networking apparatus:



Fig. 1A



Fig. 1B

35. In the embodiment described above, a first apparatus 110, such as a cell phone, sends a connection request packet to the connection server 150 for requesting to perform P2P connection to the second apparatus 130, such as the surveillance camera or the NVR. The connection server 150 communicates with the first apparatus 110 with the connection information of the second apparatus 130. The connection server 150 also notifies the second apparatus 130 in regard to the P2P connection request and sends the connection information of the first apparatus 110 to the second apparatus 130. If the second apparatus 130 is in sleep mode or standby mode, the connection server 150 will wake up the second apparatus 130.

**THE ACCUSED INSTRUMENTALITIES**

36. Defendants manufacture, sell, offer to sell, facilitate to sell, facilitate to offer to sell, or import the network monitoring devices, and these network monitoring devices facilitate establishing a P2P connection via the intermediary server, and/or waking up operation from a sleeping mode.

37. These network monitoring devices include, but are not limited to, cameras and network devices that support these functions.

38. Hereafter, the Accused Instrumentalities include any network device establishing a P2P connection via any intermediary server, any network device supporting establishing a P2P connection with the intermediary server, any network device waking up from a sleeping mode, any network device supporting waking up operations from a sleeping mode and then establishing a P2P connection, any network device forwarding information through a P2P connection, any network device supporting forwarding information through a P2P connection, and any software for supporting any of the operations stated.

## ACTS GIVING RISE TO THIS ACTION

### A. Defendants Reolink USA and Reolink China

39. Upon information and belief, Defendants Reolink USA and Reolink China manufacture, sell, offer to sell, facilitate to sell, or facilitate to offer to sell the Accused Instrumentality in United States, or import the Accused Instrumentality into the United States.

40. Upon information and belief, Defendants Reolink USA and Reolink China directly sell or offer to sell the Accused Instrumentality, including but not limited to the product model Argus series IP Camera, the PoE (Power over Ethernet) Camera, TrackMix series Camera, battery-powered camera, and network video recorders (NVRs).

41. Upon information and belief, the Accused Instrumentalities, including, but not limited to, the product model Argus series IP Camera, the PoE Camera, TrackMix series Camera, and NVRs are sold through retail channels including, but not limited to, Amazon, eBay, Home Depot, Micro Center, and Walmart.  These retail channels are nationwide chain stores and e-commerce companies, whose sales websites can be accessed by any customer in the United States.

42. The Defendants Reolink USA and Reolink China provide an App for

12

consumers to establishing a P2P connection and to operate each Accused Instrumentality via the intermediary servers.

43. The Accused Instrumentality can be woken up from a sleeping mode via the App provided by the Defendants Reolink USA and Reolink China for establishing a P2P connection.

44. The Accused Instrumentality can transmit information to a remote client device based on the established P2P connection.

45. Exhibit C provides a claim chart for exemplarily mapping the independent claim 1 of the '916 Patent onto the Accused Instrumentality.

46. Exhibit D provides a claim chart for exemplarily mapping the independent claims 1, 11, and 19 of the '448 Patent onto the Accused Instrumentality.

47. Exhibit E is a user manual for the PoE Camera. Page 12 of the PoE user manual discloses creating a login information and device initialization for communicating with the intermediary server and for establishing the P2P connection.

48. Exhibit F is the information provided by Defendant Reolink in regard the standby mode operation.

49. A cease-and-desist letter was sent to Defendant Reolink USA accusing it of infringement of the '448 Patent on November 22, 2023.

50. A cease-and-desist letter was sent to Defendant Reolink USA accusing it of infringement of the '916 Patent on December 5, 2023.

**B. Defendants Amazon, eBay, Home Depot, Micro Center, and Walmart**

51. Upon information and belief, Defendants Amazon, eBay, Home Depot, Micro Center, and Walmart sell, facilitate to sell, offer to sell, and/or facilitate to offer to sell the Accused Instrumentality for at least one of the Co-Defendants in United States.

52. Defendants Amazon, eBay, Home Depot, Micro Center, and Walmart are retailers or an authorized retailers for the Accused Instrumentalities for at least one Co-Defendant.

53. Plaintiffs have sent notices of infringement in regard to the '916 Patent and '448 Patent to Defendant Micro Center on November 22, 2023 and December 5, 2023.

54. Plaintiffs have sent notices of infringement in regard to the '916 Patent and '448 Patent to Defendants Amazon, eBay, Home Depot, and Walmart on February 5, 2024.

**COUNT 1: DIRECT INFRINGEMENT**

55. All preceding paragraphs are incorporated by references as if fully set forth herein.

56. Defendants directly infringe the '916 Patent and the '448 Patent (the "Patents in Suit") by manufacturing, selling, and/or offering to sell the Accused Instrumentalities in the United States, and/or by importing the Accused Instrumentalities into the United States, and use and practice the patented technologies with the Accused Instrumentalities.

57. Defendants have continued manufacturing, selling, offering to sell, and/or importing the Accused Instrumentalities which use/practice the patented technologies.

58. Defendants have continued using and practicing the patented technologies by

manufacturing, selling, offering to sell, and/or importing the Accused Instrumentalities.

59. Defendants' use, manufacture and sale of the Accused Instrumentalities without proper license or authorization from Plaintiffs constitutes infringement of the '916 Patent and the '448 Patent under 35 U.S.C. § 271(a).

60. Upon information and belief, Defendants' infringement has been willful.

### COUNT 2: INDUCING INFRINGEMENT

61. All preceding paragraphs are incorporated by references as if fully set forth herein.

62. Defendants actively induce infringement of the '916 Patent and the '448 Patent by selling, facilitating to sell, offering to sell, and/or facilitating to offer to sell the Accused Instrumentalities to consumers.

63. By selling, facilitating to sell, offering to sell, and/or facilitating to offer to sell the Accused Instrumentalities to consumers, Defendants induce consumers to use the patented technologies without proper license or authorization from the Plaintiffs.

64. Defendants have continued inducing consumers to use the patented technologies without proper license or authorization from the Plaintiffs by continuing selling, facilitating to sell, offering to sell, and/or facilitating to offer to sell the Accused

Instrumentalities to consumers.

65. Defendants' inducement of consumers to use the technologies disclosed and claimed in the Patents in Suit without proper license or authorization from Plaintiffs constitutes infringement of the '916 Patent and the '448 Patent under 35 U.S.C. § 271(b).

66. Upon information and belief, Defendants' infringement has been willful.

**COUNT 3: CONTRIBUTORY INFRINGEMENT**

67. All preceding paragraphs are incorporated by references as if fully set forth herein.

68. Defendants actively infringe the '916 Patent and the '448 Patent by selling, facilitating to sell, offering to sell, and/or facilitating to offer to sell the Accused Instrumentalities.

69. Along with selling the network surveillance camera and DVR, Defendants provide the consumers with the App for operating the network surveillance camera and DVR; the App is to be downloaded onto the consumers' phones. The network surveillance camera and the DVR are for using/practicing the patented methods for establishing the P2P connection and to operate the network surveillance camera and/or NVR.

70. The App is solely for the purpose of practicing the patented technologies.

The App constitutes a material part of the patented technologies, which is specially made or especially adapted for use in an infringement of the patented technologies. The App is not a staple article or commodity of commerce suitable for substantial non-infringing use.

71. Defendants have continued to contributorily infringe the Patents in Suit by selling, facilitating to sell, offering to sell, and/or facilitating to offer to sell the network surveillance camera and NVR along with the App.

72. Defendants' continuing contributorily infringement of by selling, facilitating to sell, offering to sell, and/or facilitating to offer to sell the network surveillance camera and NVR along with the App without proper license or authorization from Plaintiffs constitutes infringement of the '916 Patent and the '448 Patent under 35 U.S.C. § 271(c).

73. Upon information and belief, Defendants' infringement has been willful.

**PRAYER FOR REPLIEF**

**WHEREFORE**, ThroughTEK Taiwan and ThroughTEK Shenzhen request judgment against Defendants as follows:

A. Adjudging that Defendants have directly infringed the '916 Patent and/or the '448 Patent in violation of 35 U.S.C. § 271(a);

B. Adjudging that Defendants have actively induced infringement of the '916 Patent and/or the '448 Patent in violation of 35 U.S.C. § 271(b);

C. Adjudging that Defendants have contributorily infringed the '916 Patent and/or the '448 Patent in violation of 35 U.S.C. § 271(c);

D. Granting an injunction preliminarily and permanently enjoining Defendants, their employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns and all of those in active concert and participation with any of the foregoing persons or entities from infringing, contributing to the infringement of, or inducing infringement, pursuant to 35 U.S.C. §283;

E. Ordering Defendants to account and pay damages adequate to compensate ThroughTEK Taiwan and ThroughTEK Shenzhen for Defendants' infringement, including pre-filing damages, pre-judgment and post-judgment interest and costs, pursuant to 35 U.S.C.

§ 284;

F. Ordering an accounting for any infringing sales not presented at trial and an award by the court of additional damages for any such infringing sales;

G. Finding the Defendants have willfully infringed the '916 Patent and/or the '448 Patent, and awarding Plaintiffs all allowable damage for their willful infringement, including but not limited to an award of three times Plaintiffs' actual damages pursuant to 35 U.S.C. § 284;

H. Declaring this case exceptional and awarding ThroughTEK Taiwan and ThroughTEK Shenzhen their reasonable attorney fees, pursuant to 35 U.S.C. § 285; and

I. Awarding such other and further relief as this Court deems just and proper.

    Respectfully submitted,

Dated: February 8, 2024      **O'KELLY & O'ROURKE, LLC**

Of Counsel:      */s/ Gerard M. O'Rourke*
    Gerard M. O'Rourke (No. 3265)

**WPAT, P.C. Law Group Virginia**      824 N. Market Street, Suite 1001A
    Wilmington, DE 19801

Justin King      (302) 778-4002
8230 Boone Blvd. Suite 405      gorourke@okorlaw.com
Vienna, VA 22182
703-639-0151      *Attorneys for Plaintiffs*
jking@wpat.com